IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK BAINE,                          :

    Plaintiff,                       :

vs.                                  :      CIVIL ACTION 05-00041-KD-M

CORRECTIONAL MEDICAL SERVICES,:

INC., et al.,                        :

    Defendants.                      :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama prison inmate proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on the motion for summary judgment of Defendants, Correctional Medical Services, Inc. ("CMS"), and Charles J. Smith, M.D. (Docs. 16, 18, 24), and Plaintiff's Opposition thereto  (Docs. 27, 28, 39).  For the reasons stated below, it is recommended that the motion for summary judgment of Defendants CMS and Smith be granted and that Plaintiff's action against these Defendants be dismissed with prejudice.

<u>I.  SUMMARY OF FACTUAL ALLEGATIONS</u>

From its review of the record, the Court summarizes the parties' allegations that are material to the issues addressed in this Report and Recommendation.  At the time of the incident made the basis of this litigation, Plaintiff was an inmate

incarcerated at the Mobile County Metro Jail ("Metro Jail"). (Doc. 1 at 4).  On June 1, 2004, CMS began providing medical services to the inmates at the Metro Jail.  (Doc. 1 at 5).  Dr. Smith, a psychiatrist under contract with CMS, began providing psychiatric services to the inmates at the Metro Jail.  (Id.; Doc. 18 at 1).  Prior to June 1, 2004, Plaintiff had been under the psychiatric care of the previous medical services provider for the jail.  (Doc. 1 at 5).  After the change in providers, Plaintiff's psychiatric medication was discontinued, and he requested to see Dr. Smith.  (Id.).  Dr. Smith prescribed medication for Plaintiff's depression, but when Plaintiff's "other symptoms" did not abate, he requested to see Dr. Smith again.  (Id.).  According to Plaintiff, he asked Dr. Smith to give him his previously prescribed medication, but Dr. Smith told him that the only way that he could get that medication was "if [he] was a federal inmate."[1]  (Doc. 1 at 5; Doc. 39 at 1). Instead, Dr. Smith prescribed Haldol, which Plaintiff stopped taking after he "lost control of [his] motor skills [and] speech." (Doc. 1 at 5).  Plaintiff asked to see Dr. Smith again, and Dr. Smith prescribed "Geodo[n]," which Plaintiff subsequently stopped taking because it "lock[ed] up [his] lower jaw."  (Id.; Doc. 39 at 1-2).  According to Plaintiff, at that time, Dr. Smith

---

[1] Plaintiff does not disclose the name of his previously prescribed psychiatric medication.

2

told him, "[w]ell at least you are in a safe place[;] I suggest
that you learn to deal with it." (Doc. 39 at 2). Plaintiff
remained in the Metro Jail until August 3, 2006, when he was
transferred to Limestone Correctional Facility, where he
maintains that he is now receiving the proper psychiatric care.
(Id. at 2-3).

## II.  PROCEDURAL ASPECTS OF THE CASE

On January 21, 2005, Plaintiff filed this § 1983 action in
this Court, seeking compensatory and punitive damages for
"debilitating and unnecessary mental illness" caused by
Defendants' failure to properly treat his mental condition.[2]
(Doc. 1 at 8). On January 27, 2006, and January 30, 2006,
Defendants filed their Answer and Special Report, respectively,
denying any violation of Plaintiff's constitutional rights and
asserting various defenses, including qualified immunity.[3]

---

[2] In his Complaint, which was filed while Plaintiff was still
incarcerated in the Metro Jail, Plaintiff also sought injunctive
relief, requesting "medication that works." (Doc. 1 at 8).
Plaintiff's claim for injunctive relief is now moot. See Spears
v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("Absent class
certification, an inmate's claim for injunctive and declaratory
relief in a § 1983 action fails to present a case or controversy
once the inmate has been transferred.") (quoting Wahl v. McIver,
773 F.2d 1169, 1173 (11th Cir. 1985)); McKinnon v. Talladega
County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general
rule is that a prisoner's transfer or release from a jail moots
his individual claim for declaratory and injunctive relief.").

[3] As private entities, neither CMS nor Dr. Smith is entitled
to qualified immunity. See Edwards v. Alabama Dep't of Corrs.,
81 F. Supp. 2d 1242, 1254 (M.D. Ala. 2000)(CMS, a private entity
contracting with the state to provide medical services to state

(Docs. 16, 18, 24).  The Court converted Defendants' Special
Report and Answer to a motion for summary judgment on January 30,
2007.  (Doc. 38).   On March 2, 2006, March 8, 2006, and February
15, 2007, Plaintiff filed responses to the Answer and Special
Report, reasserting his denial of medical care claim against
Defendants.  (Docs. 27, 28, 39).  These motions are now before
the Court.

### III. SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary judgment,
the Court begins with these basic principles.  The Federal Rules
of Civil Procedure grant this Court authority under Rule 56 to
render "judgment as a matter of law" to a party who moves for
summary judgment.  "[S]ummary judgment is proper 'if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact. . . .'"
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.
R. Civ. P. 56(c)).

The Court must view the evidence produced by "the nonmoving

---

inmates, "is not entitled to qualified immunity...."); Swann v.
Southern Health Partners, Inc., 388 F.3d 834, 837(11th Cir. 2004)
("The parties agree that as a private entity, SHP [a private
corporation under contract with the County to provide medical
care to inmates at the county jail] is not entitled to assert a
qualified immunity defense."); Hinson v. Edmond, 205 F.3d 1264,
1265 (11th Cir. 2000) (a "privately employed prison physician"
"is ineligible to advance the defense of qualified immunity").

party, and all factual inferences arising from it, in the light most favorable to" that party.  <u>Barfield v. Brierton</u>, 883 F.2d 923, 934 (11th Cir. 1989).  However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

<u>Fed. R. Civ. P.</u> 56(e); <u>see also</u> <u>Celotex Corp.</u>, 477 U.S. at 325-27.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . .  If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary judgment may be granted against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  <u>Liberty Mut. Fire Ins. Co. v. Sahawneh</u>, 2001 WL 530424, *1 (S.D. Ala. May 11, 2001) (unreported) (citing <u>Anderson</u>, 477 U.S. at 249-50).

<u>IV. DISCUSSION</u>

In this action, Plaintiff seeks redress for an alleged constitutional deprivation pursuant to 42 U.S.C. § 1983.  The

5

Court construes Plaintiff's Complaint against Defendants as
asserting a violation of his rights under the Eighth Amendment
for Defendants' failure to properly treat his psychiatric
condition while he was incarcerated at the Mobile County Metro
Jail.  For the reasons set forth below, the Court finds that
Plaintiff's allegations fail to establish any constitutional
violation by Defendants.  Thus, it is recommended that
Defendants' motion for summary judgment be granted.

Denial of Adequate Medical Care

In this action, Plaintiff alleges that Defendants violated
his rights under the Eighth Amendment by failing to properly
treat his psychiatric condition during his incarceration at the
Mobile County Metro Jail.  Specifically, Plaintiff alleges that
Dr. Smith, the jail psychiatrist, prescribed various medications
for Plaintiff's "psychosis" over a two-year period of time, but
none of them worked.  (Doc. 1 at 5; Doc. 39 at 2).  Dr. Smith did
not prescribe Plaintiff the medication that Plaintiff had taken
while under the care of the previous medical services provider
for the jail.  (Id.).  When Dr. Smith's repeated attempts to
treat Plaintiff's hallucinations failed, Plaintiff claims that
Dr. Smith "threw up his hands" and told Plaintiff that he was
going to have to "learn to deal with it."  (Doc. 39 at 2).

The Eighth Amendment provides that, "[e]xcessive bail shall
not be required, nor excessive fines imposed, nor cruel and

unusual punishments inflicted." U.S. Const. amend. VIII. "The
Eighth Amendment's proscription of cruel and unusual punishments
prohibits prison officials from exhibiting deliberate
indifference to prisoners' serious medical needs." Campbell v.
Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing Estelle v.
Gamble, 429 U.S. 97, 104 (1976)). In Sims v. Mashburn, 25 F.3d
980 (11th Cir. 1994), the Eleventh Circuit delineated the
objective and subjective portions of an Eighth Amendment claim as
follows:

> An Eighth Amendment claim is said to have two
> components, an objective component, which
> inquires whether the alleged wrongdoing was
> objectively harmful enough to establish a
> constitutional violation, and a subjective
> component, which inquires whether the
> officials acted with a sufficiently culpable
> state of mind.

Sims, 25 F.3d at 983 (citing Hudson v. McMillian, 503 U.S. 1, 8
(1992)).

To meet the objective element required to demonstrate a
denial of medical care in violation of the Eighth Amendment, a
plaintiff first must demonstrate the existence of an "objectively
serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th
Cir. 2003). A serious medical need is "'one that has been
diagnosed by a physician as mandating treatment or one that is so
obvious that even a lay person would easily recognize the
necessity for a doctor's attention.'" Id. (quoting Hill v.
Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.

7

1994)).  "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm."  <u>Id.</u>  (internal quotation marks and citation omitted).

Further, in order to meet the subjective requirement of an Eighth Amendment denial of medical care claim, Plaintiff must demonstrate "deliberate indifference" to a serious medical need. <u>Farrow</u>, 320 F.3d at 1243.

> In <u>Estelle</u>, the Supreme Court established that "deliberate indifference" entails more than mere negligence. <u>Estelle</u>, 429 U.S. at 106, 97 S. Ct. 285; <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. 1970.  The Supreme Court clarified the "deliberate indifference" standard in <u>Farmer</u> by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards an excessive risk to inmate health or safety*; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837, 114 S. Ct. 1970 (emphasis added).  In interpreting <u>Farmer</u> and <u>Estelle</u>, this Court explained in <u>McElligott</u> that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>McElligott</u>, 182 F.3d at 1255; <u>Taylor</u>, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

<u>Farrow</u>, 320 F.3d at 1245-46.

8

Assuming, without deciding, that Plaintiff's psychiatric condition was a serious medical need requiring medical treatment, thus satisfying the objective component of his Eighth Amendment claim, Plaintiff nevertheless must establish the subjective component of his claim.  This Plaintiff has failed to do.

Plaintiff complains that, after June 1, 2004, when CMS and Dr. Smith began providing medical services to the inmates incarcerated at the Mobile County Metro Jail, he never again received the proper medication for his psychiatric problems. (Doc. 1 at 4-5; Doc. 39 at 1-2).  Plaintiff states that he suffered from depression and hallucinations at various times throughout his two-year incarceration at the Metro Jail, which Dr. Smith treated with a variety of drugs, none of which worked. (Id.; Doc. 24, Ex. 1 at 3, 11; Doc. 24, Ex. 2 at 10-11, 28, 30-31).  Plaintiff's medical records confirm that Dr. Smith saw Plaintiff regularly throughout his incarceration and treated him for depression and hallucinations.  Plaintiff's medical records from August, 2004, through November, 2005, reflect at least twelve examinations by Dr. Smith, during which time Dr. Smith prescribed, alternately, Amitriptyline, Haldol, Geodon, and, again, Amitriptyline, attempting to find an effective medication for Plaintiff's depression and hallucinations that Plaintiff could tolerate.  (Doc. 24, Ex. 1 and Ex. 2).  Dr. Smith indicated in his notes that he had doubts about Plaintiff's claims of

seeing visions and hearing voices, but he nonetheless attempted to treat the reported episodes with the antipsychotic medications, Haldol and Geodon.  (Doc. 24, Ex. 2 at 27, 32).  Dr. Smith discontinued Haldol and Geodon after Plaintiff suffered severe adverse reactions to the medications, and he reordered Amitriptyline, an antidepressant.  (Id., Ex. 1 at 8; Ex. 2 at 5, 20-31, 34).  Dr. Smith indicated that he considered Amitriptyline to be the most stable course of treatment for Plaintiff over time, and he noted improvement in Plaintiff's condition through his course of treatment with Amitriptyline.[4]  (Id., Ex. 2 at 25, 27).

In order to satisfy the subjective element of an Eighth Amendment claim, Plaintiff must show that Defendants knew of and disregarded "an excessive risk to [his] health or safety." Farrow, 320 F.3d at 1245.  Stated differently, Plaintiff must show that Defendants had "subjective knowledge of a risk of serious harm," that Defendants disregarded that risk, and that Defendants did so "by conduct that is more than mere negligence." Id.  The record is devoid of evidence that Defendants had subjective knowledge of, and disregarded, a risk of serious harm

---

[4] The record does not contain Plaintiff's medical records from January, 2006, when Defendants filed their evidentiary submission, to August, 2006, when Plaintiff was transferred out of the Metro Jail.  However, Plaintiff does not allege that his course of treatment changed during that time. (Doc. 39).

to Plaintiff from his psychiatric condition.  To the contrary,
the record shows that Dr. Smith regularly monitored and treated
Plaintiff with various psychiatric medications for his depression
and hallucinations.  Despite Plaintiff's allegations that Dr.
Smith simply "threw up his hands" and suggested that Plaintiff
"learn to deal with it," (Doc. 39 at 2), there is no evidence
that Dr. Smith ever stopped treating Plaintiff's illness or ever
stopped trying to improve Plaintiff's condition.

The Eleventh Circuit has recognized that "when a prison
inmate has received medical care, courts hesitate to find an
Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030,
1035 (11th Cir. 1989).  The fact that a Plaintiff may disagree
with the efficacy of the treatment recommended or simply prefer a
different course of treatment does not state a valid claim of
medical mistreatment under the Eighth Amendment. See, e.g.,
Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("the question
of whether governmental actors should have employed additional
diagnostic techniques or forms of treatment 'is a classic example
of a matter for medical judgment' and therefore not an
appropriate basis for grounding liability under the Eighth
Amendment.") (quoting Estelle, 429 U.S. at 107); Del Muro v.
Federal Bureau of Prisons, 2004 WL 1542216, *4 (N.D. Tex. 2004)
(unpublished) ("It is well-established that a difference in
opinion or a disagreement between an inmate and prison officials

11

as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs.").

Moreover, even if the Court were to assume that Dr. Smith had incorrectly diagnosed or treated Plaintiff, such as by failing to prescribe the medication sought by Plaintiff, Eighth Amendment liability cannot be grounded on "mere negligence." Farrow, 320 F.3d at 1245.  It is well established that "[s]imple medical malpractice . . . does not rise to the level of a constitutional violation."  Waldrop, 871 F.2d at 1035.

Inasmuch as Plaintiff's own medical records establish that he received extensive medical treatment for his psychiatric problems, Plaintiff has failed to meet the subjective element of "deliberate indifference" necessary to constitute an Eighth Amendment violation.  Thus, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

<u>V.  CONCLUSION</u>

Based on the foregoing, it is recommended that the motion for summary judgment of Defendants, Correctional Medical Services, Inc., and Charles J. Smith, M.D. (Docs. 16, 18, 24), be granted and that Plaintiff's action against these Defendants be dismissed with prejudice.[5]

---

[5] On March 1, 2007, the Court denied Defendants' motion to strike Plaintiff's evidentiary submission, stating that the Court

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>


1.   <u>Objection</u>.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of this
document, file specific written objections with the clerk of court.
Failure to do so will bar a *de novo* determination by the district
judge of anything in the recommendation and will bar an attack, on
appeal, of the factual findings of the magistrate judge.   <u>See</u> 28
U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir.
1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B,
1982)(*en banc*).   The procedure for challenging the findings and
recommendations of the magistrate judge is set out in more detail
in SD ALA LR 72.4 (June 1, 1997), which provides that:


A party may object to a recommendation entered by a magistrate
judge in a dispositive matter, that is, a matter excepted by
28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection
to Magistrate Judge's Recommendation" within ten days after
being served with a copy of the recommendation, unless a
different time is established by order.   The statement of
objection shall specify those portions of the recommendation
to which objection is made and the basis for the objection.
The objecting party shall submit to the district judge, at the
time of filing the objection, a brief setting forth the
party's arguments that the magistrate judge's recommendation
should be reviewed *de novo* and a different disposition made.
It is insufficient to submit only a copy of the original brief
submitted to the magistrate judge, although a copy of the
original brief may be submitted or referred to and
incorporated into the brief in support of the objection.
Failure to submit a brief in support of the objection may be
deemed an abandonment of the objection.


A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can

────────────────────

would reconsider the motion when it ruled on the motion for
summary judgment.  (Doc. 42).  Assuming the allegations of
Plaintiff's evidentiary submission as true, they still fail to
establish the subjective element of Plaintiff's Eighth Amendment
claim.  Therefore, any further consideration of this issue is
unnecessary.

be appealed.

2.   Transcript (applicable where proceedings tape recorded).
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the
magistrate judge finds that the tapes and original records in this
action are adequate for purposes of review.  Any party planning to
object to this recommendation, but unable to pay the fee for a
transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.

DONE this 19th day of March, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE